UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GRETCHEN L. WAKATANI,

            Plaintiff,

    v.                              Case No. 25-CV-1234

NICHOLAS P. GRODE,
MICHAEL TURNER,
AMANDA SKORR,
OFFICER THOR, and
SHANNON BEARKING,

            Defendants.

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

Gretchen L Wakatani filed this complaint relating to her conviction of substantial battery and disorderly conduct. *See* Outagamie Cnty. Cir. Ct. Case No. 2022CF000898, available at https://wcca.wicourts.gov/. Wakatani's complaint names a litany of individuals who appear to have been involved in the underlying criminal dispute, including the arresting officer, the prosecuting attorney, her court-appointed public defenders, and a private citizen. (ECF No. 1.)

Accompanying Wakatani's complaint was a Request to Proceed in District Court without Prepaying the Filing Fee. Having reviewed Wakatani's request, the court concludes that she lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Wakatani's Request to Proceed in District

Court without Prepaying the Filing Fee will be **GRANTED**. However, because the court is granting Wakatani's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

## I. Federal Screening Standard

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

## II. Analysis of Complaint

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to Wakatani's complaint. Wakatani alleges that various individuals in the underlying criminal dispute "violated [her] rights." (ECF No. 1 at 3-4, 6, 9.) 42 U.S.C. § 1983 allows a plaintiff to sue state actors who violate the "rights, privileges, or immunities secured by the Constitution and laws." The court thus construes Wakatani's claims as stating causes of action under § 1983.

To successfully state a claim for relief under § 1983, Wakatani must allege that 1) she was deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was caused by the defendants acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)).

Several of Wakatani's claims are not cognizable because the individuals were not acting under color of state law. 42 U.S.C. § 1983. Although Wakatani names Shannon Bearking as a defendant, she has not alleged that Bearking was a state employee or official. Rather, it appears that Bearking is a private citizen who sought a temporary restraining order against Wakatani around the same time as the underlying criminal case. *See* Outagamie Cnty. Cir. Ct. Case No. 2022CV000937, available at https://wcca.wicourts.gov/. Because Wakatani has not alleged that Bearking was a state actor acting under color of state law, the court will dismiss Bearking from this suit. *See Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir.2002) (§

1983 claim against private citizen must allege that she conspired with state actor to deprive plaintiff of constitutional right).

Wakatani's public defenders, Michael Turner and Amanda Skorr, must be similarly dismissed for not being subject to suit under § 1983. Court-appointed defense attorneys do not "act[ ] under color of state law" when representing an indigent defendant in a state criminal proceeding. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); see also *Swift v. Swift*, 556 F. App'x 509, 510–11 (7th Cir. 2014). Because Skorr and Turner represented Wakatani as court-appointed public defenders and not state actors, the court will duly dismiss them as defendants.

The other individuals named in Wakatani's complaint are immune from the relief she seeks. *See* 28 U.S.C. § 1915(e)(2) (a court shall dismiss a complaint if it "seeks monetary relief from a defendant who is immune from such relief"). Wakatani alleges that prosecutor Nicholas Grode violated her rights during the underlying criminal trial. (ECF No. 1 at 3.) But "in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). This absolute immunity encompasses all actions performed in their official capacities as prosecutors, "even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976)). Because Grode is immune from suits related to actions performed in his official capacity as a prosecutor, the court will

4

Case 1:25-cv-01234-BBC    Filed 08/27/25    Page 4 of 6    Document 5

dismiss him as a defendant. *Swift v. Swift*, 556 F. App'x 509, 511 (7th Cir. 2014) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976)).

Because Wakatani was criminally convicted as a result of events that now form the basis for this civil suit, her claim against Officer Thor is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court has held that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments ...." *Heck v. Humphrey,* 512 U.S. 477, 485 (1994). In order to recover damages for an allegedly unconstitutional conviction, "or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must demonstrate the conviction has already been invalidated. *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). In her complaint, Wakatani names Officer Thor and calls him a "one-sided party". (ECF No. 1 at 8.) To the extent the court can construe her claim, Wakatani appears to allege that Officer Thor violated her rights by arresting her and not the other individual. The nature of any such claim is unclear. But finding in Wakatani's favor would necessarily imply the invalidity of her substantial battery conviction, and thus her claim against Officer Thor is barred under *Heck*.

For the aforementioned reasons, Wakatani's complaint does not survive review under 28 U.S.C. § 1915. Accordingly, Wakatani's claims against defendants Nicholas P Grode, Michael Turner, Amanda Skorr, Officer Thor, and Shannon Bearking are **DISMISSED WITH PREJUDICE**.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be **DISMISSED WITH PREJUDICE.**

Dated at Green Bay, Wisconsin this 27th day of August, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge
